

**ORDERED in the Southern District of Florida on July 22, 2013.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**www.flsb.uscourts.gov**

In re:                                              **CASE NO. 12-39812-AJC**
                                                     **CHAPTER: 13**

**ALAIN HIDALGO**

   **Debtor**
_____/

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED**
**STATUS OF LIEN ON REAL PROPERTY, HELD BY**
**US BANK, NA/BANK OF AMERICA, D.E. #57**

   THIS CASE came to be heard on July 16, 2013, on the Debtor's *Motion to Value and Determine*

*Secured Status of Lien on Real Property held by US Bank, Bank of America* (Docket Entry #57; the

"Motion").  Based upon the Debtor's assertions made in support of the Motion, without objection, having

considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.  The value of Debtor's real property (the "Real Property") located at 12920 NW 8 Street,

Miami, Florida 33182:

Legal Description: Lot 42, Block 21, of SHOMA HOMES AT TAMIAMI IV, according to the Plat thereof, as recorded in Plat Book 148, Page 91, of the Public Records of MIAMI-DADE County, Florida

is $340,000.00 at the time of filing of this case.

B.  The total of all claims secured by liens on the Real Property senior to the lien of US

Bank/Bank of America (the "Lender") is $ 612,702.95.

C.  The equity remaining in the real property after payment of all claims secured by liens

senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real

Property in such amount.

Consequently, it is **ORDERED** as follows:

1.  The motion is **GRANTED.**

2.  Lender has an allowed secured claim of $0.00.

3.  Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded

on October 24, 2006, in Book 25038 on Pages 3002-3007 (6 pages) in the official records

of Miami-Dade County, Florida shall be deemed void and shall be extinguished

automatically, without further order of the Court, upon entry of the debtor's discharge in

this chapter 13 case.  If this case is converted to a case under any other chapter or if the

chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and

shall be restored as a lien on the Real Property.

4.  Lender has not filed a proof of claim in this case. The trustee shall not disburse any

payments to the Lender unless a proof of claim is timely filed. In the event a proof of

claim is timely filed, it shall be classified as a secured claim in the amount provided in

paragraph two, above, and as a general unsecured claim in the amount of $103,571.03,

regardless of the original classification in the proof of claim as filed.

5.      The Real Property may not be sold or refinanced without proper notice and further order

of the Court.

6.      Notwithstanding the foregoing, this Order is not recordable or enforceable until the

debtor receives a discharge in this chapter 13 case.

Submitted By:

RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties
immediately upon receipt hereof and to file a certificate of service.